JUNE 14, 1803.

# Jacob Groshon *v.* John Grant.

*Upon a writ of error to reverse a judgment of the Court of Quarter Sessions of Pendleton county.*

1. A plea of accord and satisfaction is not good if the satisfaction is to accrue from a stranger; nor is it good unless the satisfaction is complete and executed.

2. On remanding a cause for new proceedings the court will direct such proceedings to commence where the first error was committed, although that error was not assigned as ground of reversal.

The error assigned is, " that the court below erred in overruling the demurrer."

The demurrer in this case was to a plea filed by the defendant (in imitation of a plea of accord with satisfaction) stating an agreement on the part of Groshon to receive the land of John Fowler in lieu of the demand for which this suit is brought. A plea of accord and satisfaction is not a good one, if the satisfaction accrues from a stranger, nor is it good unless the satisfaction is complete and executed, which does not appear to be the case in this suit, nor does it appear, by the agreement referred to in the plea, that Groshon hath any instrument of writing from Fowler by which he could compel him to convey the land. Wherefore, the judgment aforesaid is reversed with costs. The cause is to be remand-

ed to the court of quarter sessions for Pendleton county for new proceedings to be had. But this record is so replete with error that considerable difficulty has arisen as to the point at which the new proceedings should commence, that is, whether the court could go further back into the proceedings than to the point where the error is alleged to have been committed? Where the error assigned is adjudged sufficient to reverse a judgment, and it is conceived necessary to remand the cause for new proceedings to be commenced, it seems to the court that justice and policy require that the proceedings should commence where the first error began, and by so doing both delay and litigation will be prevented, and, therefore, the legislature could not intend to prohibit this court from doing that which would promote those salutary ends, when, by the fifth section of the act for regulating the proceedings in the court of appeals, passed in 1799, they direct that the errors relied on shall be particularly assigned, and that none other should be alleged by the party or examined into by the court. In this cause the error commenced with the declaration in not setting forth a sufficient breach of the covenant, nor is a legal demand of the property alleged or the covenant truly stated. The whole proceedings from the writ are to be set aside, and the plaintiff to proceed anew by amending his declaration, which is ordered to be certified to the said court.